**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARTICE RANSEY,

    Petitioner,                                       2:15-cv-00919-RCJ-NJK

vs.                                                     **ORDER**

ATTORNEY GENERAL, *et al.*,

    Respondents.

_____/

        In this habeas corpus action, brought by Nevada prisoner Martice Ransey, the respondents have filed a motion to dismiss (ECF No. 11), arguing that certain of Ransey's claims have not been exhausted in state court and that certain of his claims are conclusory and do not state claims upon which habeas corpus relief may be granted. Ransey responded with a motion for a stay (ECF No. 16). The court will deny both motions.

        Ransey was convicted on December 13, 2011, following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, of assault with a deadly weapon and possession of a firearm by an ex-felon. *See* Judgment of Conviction, Exhibit 37. (The exhibits referred to in this order were filed by respondents, and are located in the record at ECF Nos. 12, 13 and 14.) He was adjudicated an habitual criminal, and was sentenced to two concurrent sentences of fifteen years in prison, with parole eligibility after five years on each. *See id*. The Nevada Supreme Court affirmed the judgment of conviction on July 25, 2012, and denied rehearing on September 12, 2012. *See* Order of

Affirmance, Exhibit 53; Order Denying Rehearing, Exhibit 57. Ransey then petitioned in state court for a writ of habeas corpus, and that petition was ultimately unsuccessful. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 70; Order of Affirmance, Exhibit 91.

This court received Ransey's federal habeas petition, initiating this action, *pro se*, on May 15, 2015 (ECF No. 6). Ransey's petition asserts the following claims:

1. Ransey's trial and appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel "[failed] to challenge the [clerk's] misreading of Ransey's 1992 charge of robbery, which is a violent offense, as inadmissible evidence pursuant to NRS 48.045...." Petition for Writ of Habeas Corpus (ECF No. 6), p. 3.

2. Ransey's appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel "failed to ... provide the [Nevada Supreme Court] with the bench conference transcripts pertaining to the denial of admission of Dunson's letter in briefing, attempt to investigate and [raise] the issue inappropriately only on rehearing before the [Nevada Supreme Court]. *Id*. at 5.

3. Ransey's trial and appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel failed to:

    1. "adequately represent Ransey after he declined the plea deal offered by the State;"
    2. "visit through 'confidential facilities;'"
    3. "conduct an adequate investigation for preparation of the case;"
    4. "withdraw as requested;"
    5. "file pretrial 'motion and writs;'"
    6. "require 'good cause' for continuance;"
    7. "address 'plea negotiation process;'"
    8. "preserve the record;"
    9. "address destruction of 'presumption of innocence;"
    10. "request additional jury instructions;"
    11. "prepare for sentencing;" and
    12. "address viable appeal issues."

    *Id*. at 7.

2

4.  1.  Ransey's federal constitutional rights were violated because "[t]he prosecutor overcharged Ransey with attempted murder when he was aware he did not have sufficient evidence to support such charge," and "[h]e received an indictment from a grand jury utilizing only children to testify against Ransey to reach the 'fear' factor necessary to obtain an indictment." *Id*. at 9.

2.  Ransey's appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel failed to raise this issue on his direct appeal. *Id*. at 9A.

On October 19, 2015, respondents filed their motion to dismiss (ECF No. 11). Respondents argue in that motion that Claims 1, 2 and 3 are unexhausted in state court. *See* Motion to Dismiss (ECF No. 11), pp. 7-11. In response, on February 22, 2016, Ransey filed a motion for stay (ECF No. 16), requesting that this case be stayed to give him an opportunity to exhaust any unexhausted claims. Respondents filed an opposition to the motion for stay on March 7, 2016 (ECF No. 17).

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

Ransey asserted each of the claims now designated Claims 1, 2 and 3 in his state-court habeas corpus petition. *See* First Supplemental Petition for Writ of Habeas Corpus, Exhibit 67, pp. 47-59. The state district court denied his petition. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 70. On the appeal from the denial of his petition, Ransey argued that the state district court erred in denying him an evidentiary hearing on his claims of ineffective assistance of counsel. *See*

Fast Track Statement, Exhibit 82, p. 18.  The court of appeals affirmed.  *See* Order of Affirmance, Exhibit 91.

Ransey's argument on appeal that the state district court erred by not granting him an evidentiary hearing regarding "the ineffective assistance matters asserted" (*see* Fast Track Statement, Exhibit 82, p. 18), implicated each of the claims of ineffective assistance of counsel that he made in his state habeas petition, including the claims designated Claims 1, 2 and 3 in this case.  Claims 1, 2 and 3 were therefore presented on appeal, and are exhausted in state court.

With respect to respondents' argument that the allegations in Claim 3 are conclusory, and do not state a claim upon which relief can be granted, the court finds that such argument goes to the merits of the claim, and will be better addressed after respondents file an answer and Ransey a reply.

The court, will, therefore, deny respondents' motion to dismiss.  As the denial of the motion to dismiss renders moot Ransey's motion for stay, the court will deny that motion as well.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion for a Stay and Abeyance (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall, within 60 days after the entry of this order, file and serve an answer, responding to the claims in petitioner's habeas petition (ECF No. 6).

**IT IS FURTHER ORDERED** that, after respondents' file an answer, petitioner shall have 60 days to file and serve a reply

DATED: This 6th day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE