UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARTICE RANSEY,

Petitioner,

v.

ATTORNEY GENERAL, et al.,

Respondents.

Case No. 2:15-cv-00919-RCJ-NJK

ORDER

Introduction

This action is a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Martice Ransey, a Nevada prisoner. The respondents have filed an answer, responding to all the claims in Ransey's petition for writ of habeas corpus. Ransey did not file a reply. The Court will deny Ransey's petition.

Background

Ransey was convicted on December 13, 2011, following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, of assault with a deadly weapon and possession of a firearm by an ex-felon. *See* Judgment of Conviction, Exhibit 37 (ECF No. 13-6). Ransey was adjudicated an habitual criminal, and was sentenced to two concurrent sentences of fifteen years in prison, with parole eligibility after five years on each. *See id.*

Ransey appealed, and the Nevada Supreme Court affirmed the judgment of conviction on July 25, 2012, and denied rehearing on September 12, 2012. *See* Order of Affirmance, Exhibit 53 (ECF No. 13-22); Order Denying Rehearing, Exhibit 57 (13-26).

On July 15, 2013, Ransey filed a petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus, Exhibit 63 (ECF No. 14-2). The state district court appointed counsel for Ransey, and, with counsel, Ransey filed a supplemental petition. *See* Order of Appointment, Exhibit 66 (ECF No. 14-5); First Supplemental Petition for Writ of Habeas Corpus, Exhibit 67 (ECF No. 14-6). The state district court denied the petition on May 16, 2014. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 70 (ECF No. 14-9). Ransey appealed, and the Nevada Supreme Court affirmed on February 4, 2015. *See* Order of Affirmance, Exhibit 91 (ECF No. 14-30).

This Court received Ransey's federal petition for writ of habeas corpus, initiating this action, *pro se*, on May 15, 2015 (ECF No. 6). Ransey's petition asserts the following claims:

> 1. Ransey's trial and appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel "[failed] to challenge the [clerk's] misreading of Ransey's 1992 charge of robbery, which is a violent offense, as inadmissible evidence pursuant to NRS 48.045...." Petition for Writ of Habeas Corpus (ECF No. 6), p. 3.
>
> 2. Ransey's appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel "failed to ... provide the [Nevada Supreme Court] with the bench conference transcripts pertaining to the denial of admission of Dunson's letter in briefing, attempt to investigate and [raise] the issue inappropriately only on rehearing before the [Nevada Supreme Court]." *Id.* at 5.
>
> 3. Ransey's trial and appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel failed to:
>
>> 1. "adequately represent Ransey after he declined the plea deal offered by the State;"
>>
>> 2. "visit through 'confidential facilities;'"
>>
>> 3. "conduct an adequate investigation for preparation of the case;"
>>
>> 4. "withdraw as requested;"

2

| | |
|---|---|
| 5. | "file pretrial 'motion and writs;'" |
| 6. | "require 'good cause' for continuance;" |
| 7. | "address 'plea negotiation process;'" |
| 8. | "preserve the record;" |
| 9. | "address destruction of 'presumption of innocence;" |
| 10. | "request additional jury instructions;" |
| 11. | "prepare for sentencing;" and |
| 12. | "address viable appeal issues." |

*Id.* at 7.

4.     1.     Ransey's federal constitutional rights were violated because "[t]he prosecutor overcharged Ransey with attempted murder when he was aware he did not have sufficient evidence to support such charge," and "[h]e received an indictment from a grand jury utilizing only children to testify against Ransey to reach the 'fear' factor necessary to obtain an indictment." *Id.* at 9.

2.     Ransey's appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel failed to raise this issue on his direct appeal. *Id.* at 9A.

On October 19, 2015, respondents filed a motion to dismiss (ECF No. 11), arguing that Claims 1, 2 and 3 are unexhausted in state court, and that Claim 3 fails to state a claim because it is conclusory. *See* Motion to Dismiss (ECF No. 11). In response, on February 22, 2016, Ransey filed a motion for stay (ECF No. 16), requesting that the case be stayed to give him an opportunity to exhaust any unexhausted claims. The Court ruled on those motions, denying both, on May 6, 2016. *See* Order entered May 6, 2016 (ECXF No. 18). The Court found all Ransey's claims to be exhausted in state court, and determined that respondents' argument that Claim 3 is conclusory would be better addressed in conjunction with the merits of Ransey's claims. *See id.* The Court denied the motion for stay, as moot, because there are no unexhausted claims. *See id.*

Respondents then filed an answer (ECF No. 21). Ransey did not file a reply to the answer.

Discussion

28 U.S.C. § 2254(d)

A federal court may not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by United States Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d). A state-court ruling is "contrary to" clearly established federal law if it either applies a rule that contradicts governing Supreme Court law or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). A state-court ruling is "an unreasonable application" of clearly established federal law under section 2254(d) if it correctly identifies the governing legal rule but unreasonably applies the rule to the facts of the particular case. *See Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). To obtain federal habeas relief for such an "unreasonable application," however, a petitioner must show that the state court's application of Supreme Court precedent was "objectively unreasonable." *Id.* at 409-10; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Or, in other words, habeas relief is warranted, under the "unreasonable application" clause of section 2254(d), only if the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Claim 1

In Claim 1, Ransey claims that his trial and appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel "[failed] to challenge the [clerk's] misreading of Ransey's 1992 charge of robbery, which is a violent offense, as inadmissible evidence pursuant to NRS 48.045...." Petition for Writ of Habeas Corpus (ECF No. 6), p. 3.

4

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two prong test for analysis of claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. A court considering a claim of ineffective assistance of counsel must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. And, to establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Where a state court previously adjudicated the claim of ineffective assistance of counsel, under *Strickland*, establishing that the decision was unreasonable under AEDPA is especially difficult. See *Harrington*, 562 U.S. at 104-05. In *Harrington*, the Supreme Court instructed:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, [*Strickland*, 466 U.S. at 689]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994-95 (2010) (acknowledging double deference required with respect to state court adjudications of *Strickland* claims).

In analyzing a claim of ineffective assistance of counsel, under *Strickland*, a court may first consider either the question of deficient performance or the question of prejudice; if the petitioner fails to satisfy one element of the claim, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

Ransey's trial was conducted in two phases: first, the charges of assault with a deadly weapon and attempted murder were tried, commencing on July 18, 2011; then, the charge of possession of a firearm by an ex-felon was tried, commencing on July 20, 2011. The events that are the subject of Claim 1 occurred during the second phase of the trial, involving the charge of possession of a firearm by an ex-felon. At the beginning of the second phase of the trial, the court clerk read the amended indictment to the jury, and the following exchange occurred:

> THE CLERK: ... The said defendant being an ex-felon having in 1992, being convicted of attempt robbery –
>
> [PROSECUTOR]: Your Honor.
>
> [DEFENSE COUNSEL]: Your Honor.
>
> THE COURT: Approach.
>
> [Bench Conference – not transcribed]
>
> THE CLERK: Count three, possession of a firearm by ex-felon, did then and there willfully, unlawfully, and feloniously own or had in his possession or under his control a weapon, to wit, a Ruger rifle bearing serial number 23952567. The said defendant being an ex-felon having been – having been convicted of a felony in the Eighth Judicial District Court, Clark County, Nevada a felony under the laws of the State of Nevada.

Trial Transcript, July 20, 2011, Exhibit 19, pp. 130-31 (ECF No. 12-19, pp. 131-32). The parties had stipulated that Ransey was a convicted felon (*see id.* at 128-29, 132 (ECF No. 12-19, pp. 129-30, 133), and, pursuant to the stipulation, that allegation was not to be read to the jury. The clerk apparently read it to the jury in error. Ransey's trial counsel moved for a mistrial. *See id.* at 135-37 (ECF No. 12-19, pp. 136-38). The trial court denied

6

the motion, noting that the State did not breach the stipulation, and what the jury heard as a result of the court clerk's error was only allegations, and not evidence, and "[t]hey do not prove anything." *See id.* at 137 (ECF No. 12-19, p. 138).

On his direct appeal, Ransey asserted that the trial court "abused its discretion in denying the defense's timely motion for a mistrial...." Fast Track Statement, Exhibit 48, p. 6 (ECF No. 13-17, p. 7). The Nevada Supreme Court rejected that claim, ruling as follows:

> First, appellant Martice Ransey contends that the district court erred by denying his motion for a mistrial because the courtroom clerk presented prejudicial information to the jury in violation of the parties' stipulation. We review a district court's decision to grant or deny a motion for a mistrial for an abuse of discretion. *Ledbetter v. State*, 122 Nev. 252, 264, 129 P.3d 671, 680 (2006). During the separate trial conducted on the felon-in-possession-of-a-firearm count, the parties stipulated that the jury would be instructed that Ransey was a felon and would not be informed of his criminal history. However, the courtroom clerk inadvertently read the wrong indictment, telling the jury that Ransey had been convicted of attempted robbery before the State and Ransey could voice their objections. The district court conducted a bench conference after which the courtroom clerk read the right indictment to the jury. The district court found that the jury was advised that the charges in the indictment were strictly allegations and did not prove anything, the State did not violate the stipulation, and Ransey was not prejudiced to an extent that would require a mistrial. We conclude from these circumstances that Ransey has not demonstrated that the district court abused its discretion by denying his motion for a mistrial.

Order of Affirmance, Exhibit 53, pp. 1-2 (ECF No. 13-22, pp. 2-3).

Then, in his state habeas action, Ransey asserted claims that his trial counsel was ineffective with regard to his objection to the inadvertent disclosure of the nature of his previous conviction, including the claim that he makes here – that his trial counsel should have objected on evidentiary grounds, under NRS § 48.045 (regarding evidence of other crimes). *See* First Supplemental Petition for Writ of Habeas Corpus, Exhibit 67, pp. 47-51 (ECF No. 14-6, pp. 48-52). The state district court denied that claim, ruling as follows:

> Although Defendant claims that counsel was deficient for failing to base the mistrial motion on the specific grounds that the jury heard inadmissible evidence, the Nevada Supreme Court ruled on direct appeal that the reading of the Indictment was not evidence. Thus, counsel was not deficient on that ground. Further, the Nevada Supreme Court ruled that there was no prejudice from the reading of the Indictment because the Indictment was not evidence and the fact that the jury was so instructed cured any

7

> prejudice. Thus, Defendant's claim of prejudice is barred by the doctrine of the law of the case. Therefore, Defendant failed to show deficiency and prejudice and his [claim] is denied.

Findings of Fact, Conclusions of Law and Order, Exhibit 70, p. 3 (ECF No. 14-9, p. 4). Ransey appealed, and the Nevada Supreme Court affirmed without any discussion of this issue. *See* Order of Affirmance, Exhibit 91 (ECF No. 14-30).

The ruling of the state district court was the last reasoned state court decision with respect to the claim now before this Court. Therefore, the Court looks through the Nevada Supreme Court's denial of the claim to the state district court's decision, and presumes the Nevada Supreme Court's decision rests on the same ground. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014).

The state courts' ruling on this claim was reasonable. The Nevada Supreme Court had previously ruled that the inadvertent disclosure of Ransey's prior conviction did not present an evidence issue under Nevada law, and that ruling, on a matter of Nevada law, is beyond the purview of this federal habeas court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). In view of that ruling, which, again, is not reviewable here, it is plain that Ransey's trial counsel did not act unreasonably in failing to object to the disclosure on evidentiary grounds, and it is plain that Ransey was not prejudiced. The state courts properly applied the *Strickland* standard. The Court will deny habeas corpus relief on Claim 1.

Claim 2

In Claim 2, Ransey claims that his appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel "failed to ... provide the [Nevada Supreme Court] with the bench conference transcripts pertaining to the denial of admission of Dunson's letter in briefing, attempt to investigate and [raise] the issue inappropriately only on rehearing before the [Nevada Supreme Court]." Petition for Writ of Habeas Corpus (ECF No. 6), p. 5. He claims, further, that his appellate counsel

8

"rendered ineffective assistance of counsel on appeal in this matter, failing to provide a proper record so that the issue could be meritoriously determined by the [Nevada Supreme Court]." *Id.* at 5B.

The evidence that is the subject of this claim is a letter allegedly written to Ransey by Katrina Dunson, the mother of the 12-year old victim. Dunson testified for the defense. *See* Trial Transcript, July 20, 2011, Exhibit 19, pp. 56-76 (ECF No. 12-19, pp. 57-77). During Dunson's testimony, Ransey's counsel sought to introduce into evidence a letter Dunson had purportedly written to Ransey, and to have her read from the letter. *See id.* at 61-62 (ECF No. 12-19, pp. 62-63). The prosecution objected to the admission of the letter into evidence on relevance grounds. *See id.* There was a bench conference, which the trial transcript indicates was "not transcribed." *See id.* at 62 (ECF No. 12-19, p. 63). The trial court then sustained the objection. *See id.*

On his direct appeal, Ransey claimed that "[t]he district court abused its discretion by granting the state's relevancy objection" to the admission of the letter. *See* Fast Track Statement, Exhibit 48, pp. 11-13 (ECF No. 13-17, pp. 12-14). The Nevada Supreme Court rejected that claim, ruling as follows:

> ... Ransey contends that the district court erred by sustaining the State's objection to documentary evidence he sought to admit during his case-in-chief. We review the district court's decision to admit or exclude evidence for an abuse of discretion or manifest error. *Means v. State*, 120 Nev. 1001, 1007-08, 103 P.3d 25, 29 (2004). However, the burden is on appellant to provide an adequate record for our review of his assignments of error. *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980). Here, the State object6ed on relevancy grounds when Ransey attempted to admit a letter and envelope into evidence. The district court conducted a bench converence and sustained the State's objection. Ransey did not provide this court with a transcript of the bench conference. Therefore, we are unable to review Ransey's arguments for admitting the evidence, the State's arguments for excluding the evidence, and the district court's reasons for sustaining the State's objection. We conclude that Ransey has failed to provide an adequate record for our review and has not overcome the presumption that the district court did not commit error in its ruling. *Cf. Lee v. Sheriff*, 85 Nev. 379, 380-81, 455 P.2d 623, 624 (1969).

Order of Affirmance, Exhibit 53, p. 2 (ECF No. 13-22, p. 3).

Ransey sought rehearing before the Nevada Supreme Court. *See* Petition for Rehearing, Exhibit 55 (ECF No. 13-24). Ransey notified the court that his counsel spoke

9

with the court reporter, who informed him that the recording of the bench conference was inaudible, and, therefore, he could not provide the court with a record of that bench conference. *See id.* at 4 (ECF No. 13-24, p. 5). The Nevada Supreme Court denied rehearing. *See* Order Denying Rehearing, Exhibit 57 (13-26).

Ransey then asserted in his state habeas action the claim that his appellate counsel was ineffective in the manner in which he presented the evidentiary issue to the Supreme Court on his direct appeal. *See* First Supplemental Petition for Writ of Habeas Corpus, Exhibit 67, pp. 51-53 (ECF No. 14-6, pp. 52-54). The state district court denied that claim, ruling as follows:

> Defendant failed to demonstrate that appellate counsel was ineffective for failing to reconstruct the trial record of an inaudible bench conference concerning the admissibility of a purported letter from the victim's mother to Defendant pursuant to NRAP 9(c), a letter the Court ultimately ruled inadmissible. The victim's mother specifically testified at trial that she had a prior sexual relationship with Defendant and harbored no bitterness toward Defendant regarding the incident that gave rise to this case, which is essentially the same information that the letter provides. Further, Defendant failed to allege what a reconstructed trial record would have established and failed to demonstrate any valid basis for the admission of the letter. Therefore, as Defendant failed to demonstrate that the trial court's ruling was improper, Defendant fails to show that he was prejudiced by appellate counsel's omission of this issue on direct appeal and his claim is denied.

Findings of Fact, Conclusions of Law and Order, Exhibit 70, pp. 3-4 (ECF No. 14-9, pp. 4-5). Ransey appealed, and the Nevada Supreme Court affirmed without discussion of this issue. *See* Order of Affirmance, Exhibit 91 (ECF No. 14-30).

Here again, the ruling of the state district court was the last reasoned state court decision with respect to the claim. Therefore, the Court looks through the Nevada Supreme Court's denial of the claim to the state district court's decision, and presumes the Nevada Supreme Court's decision rests on the same ground. *See Ylst*, 501 U.S. at 803; *Murray*, 745 F.3d at 996.

And, with respect to this claim too, the state courts' ruling was reasonable. At the core of this claim are matters of state law: the relevance of the subject letter, and counsel's compliance with state law with respect to the presentation of the evidentiary

issue on appeal. With regard to these matters, this Court does not review the state courts' rulings. *See Estelle*, 502 U.S. at 67-68. And, applying *Strickland*, this Court agrees that Ransey has not shown prejudice: there is no showing of a reasonable probability of a different outcome had Ransey's appellate counsel performed differently with respect to the assertion of the evidentiary issue on his appeal. The state courts' ruling on this claim was not contrary to, or an unreasonable application of, *Strickland*, or any other clearly established federal law as determined by United States Supreme Court. The Court will deny habeas corpus relief on Claim 2.

Claim 3

In Claim 3, Ransey claims that his trial and appellate counsel was ineffective, in violation of his federal constitutional rights, because counsel failed to:

1. "adequately represent Ransey after he declined the plea deal offered by the State;"
2. "visit through 'confidential facilities;'"
3. "conduct an adequate investigation for preparation of the case;"
4. "withdraw as requested;"
5. "file pretrial 'motion and writs;'"
6. "require 'good cause' for continuance;"
7. "address 'plea negotiation process;'"
8. "preserve the record;"
9. "address destruction of 'presumption of innocence;"
10. "request additional jury instructions;"
11. "prepare for sentencing;" and
12. "address viable appeal issues."

Petition for Writ of Habeas Corpus (ECF No. 6), p. 7.

Ransey asserted a similar claim in his state habeas action. *See* First Supplemental Petition for Writ of Habeas Corpus, Exhibit 67, pp. 53-57 (ECF No. 14-6, pp. 54-58). The state district court denied that claim, ruling as follows:

11

> Defendant failed to demonstrate that he was denied [effective] assistance of counsel based on any of the claims raised as Ground 3 of his Supplemental Petition. All such claims consisted of nothing more than bare allegations of deficiency, prejudice, or both. Even if all of Defendant's claims of deficiency were true, Defendant failed to allege with any specificity that there is a reasonable probability that he would have obtained a different result at trial but for the alleged errors. Absent any specific factual allegations, an evidentiary hearing is not warranted. Therefore, Defendant's Ground 3 claims are all denied as bare allegations.

Findings of Fact, Conclusions of Law and Order, Exhibit 70, p. 4 (ECF No. 14-9, p. 5).

The Nevada Supreme Court affirmed this ruling, as follows:

> The district court considered appellant's pleadings and the arguments of counsel and found that an evidentiary hearing was not warranted because appellant's "claims consisted of nothing more than bare allegations of deficiency, prejudice, or both," and, "[e]ven if all of [appellant's] claims of deficiency were true, [a]ppellant failed to allege with any specificity that there was reasonable probability that he would have obtained a different result at trial but for the alleged errors." The record supports the district court's finding and we conclude that appellant has not demonstrated that the district court abused its discretion in this regard.

Order of Affirmance, Exhibit 91, p. 2 (ECF No. 14-30, p. 3).

This claim is plainly without merit. It consists of twelve generic assertions of attorney error, none of which are supported by specific factual allegations, much less evidentiary support. Ransey does not make any allegations explaining: how his counsel failed to adequately represent him after he declined the plea deal offered by the State, or how he was prejudiced in that regard; how his counsel acted unreasonably, or how he was prejudiced, with respect to his counsel's visits; how counsel's investigation or preparation was lacking, or what exculpatory information would have been discovered had a better investigation been conducted; why his counsel should have withdrawn, or how he was prejudiced by any unreasonable failure of his counsel to withdraw; why any particular pretrial motion or writ should have been filed or how he was prejudiced by his counsel's failure to file such; why any continuance of the trial was improper, or how he was prejudiced by any continuance of the trial; how his counsel failed in advising him regarding the plea negotiation process, or how he was prejudiced in that regard; what part of the record his counsel failed to preserve or how he was prejudiced by the failure to preserve it; what he means by "destruction of presumption of innocence," or how he

was prejudiced in that regard; what proper jury instruction his counsel failed to request, or how he was prejudiced by any such failure; how his counsel failed to prepare for sentencing or how he was prejudiced in that regard; or what appellate issues (other than those discussed in other, more specific, claims) his counsel should have raised, or how any such claim might have changed the outcome of the appeal. In short, there is no basis for any conclusion that Ransey's counsel acted unreasonably in the manners alleged in Claim 3, or that Ransey was prejudiced. The state courts' ruling on this claim was reasonable. The Court will deny habeas corpus relief with respect to Claim 3.

Claim 4

In Claim 4, Ransey claims that his federal constitutional rights were violated because "[t]he prosecutor overcharged Ransey with attempted murder when he was aware he did not have sufficient evidence to support such charge," and "[h]e received an indictment from a grand jury utilizing only children to testify against Ransey to reach the 'fear' factor necessary to obtain an indictment." Petition for Writ of Habeas Corpus (ECF No. 6), p. 9. Ransey also claims in Claim 4 that his appellate counsel was ineffective, in violation of his federal constitutional rights, in failing to raise this issue on his direct appeal. *Id.* at 9A.

Ransey asserted such a claim in his state habeas action. *See* First Supplemental Petition for Writ of Habeas Corpus, Exhibit 67, pp. 57-59 (ECF No. 14-6, pp. 58-60). The state district court denied the claim, as follows:

> Defendant failed to demonstrate that he was denied reasonably effective assistance of counsel when counsel declined to file a pretrial motion to dismiss or failed to challenge the State's charging in this case as prosecutorial misconduct. The Grand Jury returned a true bill for the charges, and there is no evidence that the State acted in bad faith when seeking the Indictment. Further, Defendant failed to demonstrate any legal or factual basis upon which to conclude that a motion to dismiss the Indictment would have succeeded or that any claim of prosecutorial misconduct rose to the level that would have warranted dismissal. Similarly, Defendant failed to demonstrate any valid basis upon which to raise this issue on direct appeal. Therefore, Defendant's claim is denied.

Findings of Fact, Conclusions of Law and Order, Exhibit 70, p. 4 (ECF No. 14-9, p. 5). The Nevada Supreme Court affirmed this ruling, explaining:

13

> The district court found that the grand jury returned a true bill for the charges, there was no evidence that the State acted in bad faith in seeking the indictment, and appellant failed to demonstrate any legal or factual basis upon which to conclude that a motion to dismiss the indictment would have succeeded. The court also found that appellant failed to identify any claim of prosecutorial misconduct that rose to a level warranting dismissal of the case or show any valid basis upon which this misconduct could have been pursued on direct appeal.

Order of Affirmance, Exhibit 91, p. 3 (ECF No. 14-30, p. 4).

A criminal defendant's due process rights are violated when a prosecutor's misconduct renders the criminal proceeding fundamentally unfair. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). A claim of prosecutorial misconduct is reviewed "'on the merits, examining the entire proceedings to determine whether the prosecutor's [actions] so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Johnson v. Sublett*, 63 F.3d 926, 929 (9th Cir. 1995) (citation omitted); *see also Towery v. Schriro*, 641 F.3d 300, 306 (9th Cir. 2010). To obtain relief on such a claim, the petitioner must establish that prosecutorial misconduct resulted in actual prejudice. *See Darden*, 477 U.S. at 181-83; *Towery*, 641 F.3d at 307 ("When a state court has found a constitutional error to be harmless beyond a reasonable doubt, a federal court may not grant habeas relief unless the state court's determination is objectively unreasonable."). The petitioner must show that the prosecutorial misconduct had a substantial and injurious effect or influence in determining the jury's verdict. *See Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

Ransey argues that the prosecutor "brought the matter before a grand jury presenting children as witnesses although numerous adults were also witnesses to the incident herein." Petition for Writ of Habeas Corpus (ECF No. 6), p. 9A. There is no indication in the record that this was misconduct. The record reflects that a child was the victim in this case, and that other children were legitimately witnesses. Ransey also argues that the prosecutor "overcharged Ransey with attempted murder when he was aware he did not have sufficient evidence to support such charge." *Id.* at 9. This bald allegation – especially regarding the prosecutor's belief regarding the evidence -- is

completely unsupported. The state courts reasonably determined that Ransey's allegations do not state a viable claim of prosecutorial misconduct. And, it follows that the state courts reasonably determined that Ransey's appellate counsel did not act unreasonably in not asserting this claim on the direct appeal, and that Ransey was not prejudiced thereby.

The state courts' ruling on these claims was not contrary to, or an unreasonable application of, *Strickland*, or *Darden*, or any other clearly established federal law as determined by United States Supreme Court. The Court will deny habeas corpus relief on Claim 4.

Certificate of Appealability

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

The Court has considered all of Ransey's claims with respect to whether they satisfy the standard for issuance of a certificate of appeal, and determines that none of them do. The Court will deny Ransey a certificate of appealability.

15

**IT IS THEREFORE ORDERED** the Petition for Writ of Habeas Corpus in this case (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **ENTER JUDGMENT ACCORDINGLY**.

DATED THIS 27 day of March, 2018.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE